

**U.S. Department of Justice**
**Federal Bureau of Prisons**

**Designation and Sentence Computation Center**

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

September 22, 2016

The Honorable Jack B. Weinstein
Senior United States District Court Judge
  for the Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

*File and Docket*
*So ordered*
*Jack B. Weinstein.*

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 03 2016 ★
**BROOKLYN OFFICE**

RE:  **WASHINGTON, Darnell**
     Register Number: 82016-053
     Case Number: CR13-173(JBW)

Dear Senior Judge Weinstein:

     On July 28, 2016, Your Honor sentenced Darnell Washington
to a 15-year term of confinement for Sexual Exploitation of a
Child, and Possession of Child Pornography.  The Court issued a
"Judgment, Memorandum and Order on Sentencing" in this matter
setting forth its strong recommendation that Mr. Washington
serve his term of confinement at the Federal Medical Center
(FMC) Devens in Ayer, Massachusetts, or a similar federal
medical facility, and that he be treated in a Sex Offender
Management Program (SOMP) and Sex Offender Treatment Program
while incarcerated.  The Court, while noting its assumption that
the Bureau of Prisons (BOP) will follow its recommendations,
details the intent and purpose of the recommendations is to
allow the Defendant to serve his term under prison conditions
reasonably calculated to protect him from the hazards he would
face in the open population of a medium or high security prison
and where he can be treated appropriately medically.  The Court
also notes the Defendant pled guilty to serious crimes, that the
public must be protected, the Defendant's continued criminal
behavior after his prior release from prison and his substantial
risk of recidivism.  Finally, the Court notes the sentence
imposed is not grossly disproportionate if the Defendant is
housed and treated in a facility responsive to the Defendant's
treatment and safety needs.



Although the Court's recommendations for placement at FMC Devens, or another medical facility, have not been followed, the goal and intent of the Court's recommendations certainly have not been ignored. BOP Designation and Sentence Computation Center (DSCC) staff, including a Senior Designator experienced with designating sex offenders and a psychologist assigned to review such considerations and recommendations, weighed the defendant's suitability for designation to FMC Devens or a similar facility. Prior to making a designation decision, DSCC staff carefully reviewed documents to include the Defendant's Presentence Investigation Report, Court's Order and Opinion, and records reflecting his behavior at the Metropolitan Detention Center (MDC) in Brooklyn, New York. While at MDC Brooklyn, the Defendant reportedly engaged in prohibited and/or illegal sexually abusive behavior toward other inmates and continued to engage in risk-relevant behavior, including ordering pictures of children for delivery to the facility. In addition, based on his criminal history and the nature of his instant offense, Mr. Washington is properly classified as a high security inmate. Finally, staff reviewed Mr. Washington's current medical and mental health status and classified both as Care Level One. Based on the above, it was determined Mr. Washington was not appropriate for FMC Devens or a similar medical facility. This decision does not preclude a potential transfer of Mr. Washington to FMC Devens in the future to participate in the institution's residential Sex Offender Treatment Program, which is designed to treat inmates toward the end of their sentences.

The DSCC, exercising its discretion based on its knowledge of all BOP institutions, concluded the optimum designation for Mr. Washington would be to a high-security institution with a SOMP, both for his treatment and safety needs and for monitoring of his sexualized behavior with other inmates. A primary goal of SOMP institutions is to reduce the need to place sex offenders in protective custody and to create an institution climate conducive to voluntary participation in treatment. Accordingly, the United States Penitentiary (USP) in Tucson, Arizona, has been designated as the facility most appropriate for the defendant's security and treatment needs, as approximately 75% of the inmate population there has been classified as sex offenders. As a SOMP institution, USP Tucson has a high level of psychology staff to provide risk management services designed to reduce the likelihood that sex offenders in BOP institutions engage in future acts of a sexually offensive nature. In addition to SOMP, USP Tucson also has a residential cognitive-behavioral treatment program known as CHALLENGE for inmates with drug abuse history, mental health disorders, or sex offense convictions.

Although the BOP did not accommodate the Court's recommendation for a placement at FMC Devens or similar medical facility, the BOP did follow the Court's recommendation for a designation to an institution with a SOMP that will provide the security, treatment and programming concerns expressed by Your Honor.  As such, the designation to USP Tucson is an appropriate location for the security, medical and programming concerns expressed by this Court to house the Defendant safely and treat his needs appropriately with the shared goal of Mr. Washington being able to remain in a general population setting.  Please be assured of our continued commitment to satisfy judicial recommendations whenever possible.

Sincerely,

Jose A. Santana
Chief

**U.S. Department of Justice**

Federal Bureau of Prisons

*Designation and Sentence Computation Center*

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

Official Business
Penalty for Private Use $300





CERTIFIED MAIL

7016 0910 0000 9092 5977

U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
UNITED STATES POSTAGE
PITNEY BOWES
02 1P
00011,27022
$ 006.46⁵
SEP 23 2016
MAILED FROM ZIP CODE 75051

1120131818 C013