Scott Rendelman, #24628-037
Federal Correctional Institution
PO Box 33
Terre Haute IN  47808
June 12, 2017

Judge Jack B. Weinstein
Senior U.S. District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 118 S
Brooklyn NY  11201-1818

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ JUN 22 2017 ★
BROOKLYN OFFICE

RE: <u>U.S. v. D.W.</u>, 198 F.Supp.3d 18 (E.D.N.Y. 2016)

Dear Judge Weinstein:

I'm writing to comment on your opinion in the case of <u>U.S. v. D.W.</u>. Although the opinion is now almost a year old (dated July 28, 2016) I just saw it 2 days ago. I write because I share many of the same concerns in my case that you expressed in <u>D.W.</u>, including whether a long sentence without treatment is constitutional.

In my case, I was homosexually raped by a cellmate in December of 1986 while serving a short sentence in a correctional institution. I had served approximately 2 months of a 4½ month incarceration term at the time of the rape. I suffered severe psychological trauma as a result and I started writing threatening letters to the judge, prosecutor, warden, and anyone else I blamed for locking me in a cell with a rapist with no way to get out. Writing threatening letters was something <u>I had never done before</u>. These "red flags" were ignored by the correctional institution and I did not get either the psychological treatment I needed, or the sympathy and compassion ordinarily given to rape victims. Instead, the government's response was to give me new charges for the threatening letters and to extend my sentence by 5 more years. From 1986 to 1991 I was raped 4 additional times (for a total of 5) and the letters continued. I continued receiving new charges and eventually accumulated 42 additional years. I have served 30 of those years and still have 12 to go.

My original 1986 conviction was for a minor non-violent embezzlement from a trust fund I was managing (I was an accountant). I was 31 years old and had never been in trouble with the law before. I am now 61 years old.

To this day, the prisons have never given me any psychological treatment for the rapes. It's true that I have seen prison psychologists on occasions, but these

meetings have nothing to do with the rapes or treatment for the same. <u>The prisons are unable to give me the treatment I need.</u> (Unlike D.W., I am the rape <u>victim</u>.)

The only treatment I ever received was in 2002-2005 when Judge William B. Shubb (now a Senior U.S. District Judge) (U.S. District Court for the Eastern District of California) placed me in a halfway house, and I received treatment in the community. The treatment was a success. I stopped writing the threatening letters, and even though I was still in custody, I was a productive citizen. I held a job as a convenience store manager, I paid all my fines, I paid my taxes. I did everything I was supposed to do. I broke no laws, and I was never supposed to go back to prison again. Unfortunately, in 2005, the State of Maryland discovered a 12 year old warrant (from 1993), and arrested me. The arrest was for a 1993 threatening letter I wrote back when I was still in prison and not for anything I did while on the halfway house program. While I was in jail, I relapsed and started writing threatening letters again. A judge ruled the arrest warrant was too old and was invalid, and my case was thrown out, but this ruling took 6 months. Meanwhile, I again got new charges and more time added to my sentence, bringing the current grand total to 42 years. As stated earlier, I still have 12 years to go.

Consider the fact that the United States is currently being ridiculed around the world for having the world's largest prison population. Consider that taxpayers are calling for the prison population to be reduced by releasing non-violent prisoners on parole. Consider further that (1) I have absolutely no history of physical violence, (2) my crimes are non-violent in nature, (3) I do not get the psychological treatment I need while in prison, (4) when I'm not locked up I'm a productive, law abiding citizen, and (5) I have never written a threatening letter from the street (every threatening letter I wrote was written from prison). Finally, consider the government's motivation to cover up my case. I'm an embarrassment to them. I came to prison with 4½ months to serve, and after taking their homosexual rape rehabilitation program I now must serve 42 years (or die in prison).

I do have a petition pending requesting executive clemency. Having threatened past Presidents, I do not believe it will be granted unless I complete a psychological treatment program. The Catch-22 is that the program I need is not available in prison. I believe the best plan for all the parties concerned would be for me to get back on the same program I was on in 2002. After all, the program was successful. Psychological evaluations in my file clearly state that I am not dangerous and recommend this program. Unfortunately, such a program is not available or allowed under Bureau of Prisons' policy, and without special authorization it will not happen. It happened the first time only because it was a program from the court, not the prison.

    I intend to follow the D.W. case as much as is possible from in here. You said that if the BOP did not follow your recommendations you would rule your sentence unconstitutional and would modify it. Such a ruling might help me in my case to argue that I am receiving unconstitutional punishment as well.

    I know you cannot give me legal advise. I am not requesting any. I know there is nothing you can really do to help me with my case. Perhaps if you made a copy of this letter and sent it to the attorney who represented D.W., he could give me some advice and/or pro bono assistance with my case, or further forward my letter to someone who can. I am indigent.

    If you had been the judge in my case I fully believe the result would have been different.

    Your opinion states the BOP has a 74% compliance rate with court recommendations. Even so, that is not a very impressive or comforting figure. In my personal case, in over 30 years, it has been 0%. The BOP has never followed a court recommendation in my file. One court, for example, recommended I serve my sentence close to my family, believing I would do better if I had more contact (more visits) with my family (children and grandchildren). My family is on the East Coast (Virginia, DC, Maryland). The BOP "compliance" with this recommendation was to designate me to USP Lompoc, on the West Coast. I couldn't have been any further from home, and I received no visits. Take it from me: Do not trust the BOP to follow your recommendations.

    Thank you.

Sincerely,

Scott Rendelman

Scott Henderson,
Federal Correctional Institution
PO Box 33
Terre Haute IN 47808

MAIL FROM FEDERAL
CORRECTIONAL INSTITUTION

INDIANAPOLIS IN
19 JUN 2017 PM

⇔24628-037⇔
Judge Jack B Weinstein
Senior US District Judge
225 Cadman PLZ E
Room 118 S
Brooklyn, NY 11201-1818
United States

06|13|17O|

11201-189899